# FLAGSHIP PROPERTY MANAGEMENT, INC., etc. v MANNINGS

Case No. MC-90-10968-RF

County Court, Palm Beach County

July 26, 1990

## APPEARANCES OF COUNSEL

**Bruce J. Daniels, Esquire,** for plaintiff.

**Sally G. Schmidt, Esquire,** Florida Rural Legal Services, Inc., for defendant.

## OPINION OF THE COURT

ROBERT M. GROSS, County Judge.

### ORDER GRANTING MOTION FOR INVOLUNTARY DISMISSAL

THIS CASE came before the Court for final hearing on July 25, 1990. The Court heard sworn testimony and reviewed documents introduced into evidence. At the close of Plaintiff's case, Defendant moved for involuntary dismissal. For the purpose of the motion, the

Court assumes those facts presented by the Plaintiff to be true. Because of Defendant's failure to properly report her income, Defendant was obligated to repay rent pursuant to paragraph 18 of the lease. On February 16, 1990, Plaintiff and Defendant agreed to a $50.00 monthly payment towards $660.00 of retroactive rent. On June 6, 1990, Plaintiff served Defendant with a notice to pay $1,011.00 in delinquent rent. As of June 6, 1990, Defendant had made four rental payments covering the months of January, February, March and April of 1990. The monthly rent for May was outstanding and the monthly rent payment for June had not yet come due. The Court finds the June 6, 1990 notice to be inadequate under Federal Law in that it fails to state the reasons for the landlord's action with enough specificity to enable the Defendant to prepare a defense. More importantly, the notice fails to comply with part 2, of Chapter 83. It is undisputed that the notice includes demands for retroactive rent. Given the nature of section 8 housing, it would seem unusual to require payment of retroactive rent all at once. Paragraph 4 of the lease, which allows an increase in future rent, requires at least 30 days notice to effect the increase. Paragraph 18 of the lease imposes an obligation on the tenant to reimburse the landlord for past underpayments after recomputation. The lease does not characterize such a reimbursement obligation as additional rent. On the other hand, paragraph 5 of the lease does characterize late charges and returned check charges as additional rent payments. The Three Day Notice in this case therefore overstates the amount of "rent" due under Florida Law and therefore fails to substantially comply with Sections 83.43(6) and 83.56(3), Florida Statutes (1989).

The Court's ruling in this case does not preclude relitigation of this issue in future cases based on other Federal or State statutes, rule or case law. From the facts presented in *this* case, the Court finds that the appropriate means of collecting retroactive rent, under state law was pursuant to section 83.56(2)(b), Florida Statutes (1989). Accordingly, it is

ORDERED AND ADJUDGED as follows:

1. Defendant's Motion to Dismiss is granted and this cause is hereby dismissed.

2. The Clerk of the Court is directed to disburse to the attorney for the Plaintiff Bruce J. Daniels, Suite 301, Flagler Court Building, 215 Fifth Street, West Palm Beach, Florida, all monies previously deposited by Defendant into the Registry of the Court, less statutory service charges, if any.

DONE AND ORDERED in West Palm Beach, Palm Beach County, Florida this 26th day of July, 1990.